366 So.2d 510 (1979)
Dominick BISACCIO, Appellant,
v.
Lonnie BROWN and Government Employees Insurance Company, Appellees.
No. 78-1039.
District Court of Appeal of Florida, Second District.
January 19, 1979.
*511 Jeffrey R. Fuller of Williams, Brasfield & Wertz, St. Petersburg, for appellant.
James C. Hadaway and Mark E. Hungate of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for appellees.
OTT, Acting Chief Judge.
Appellant, Dominick Bisaccio, appeals an adverse summary judgment terminating his third party claim for contribution against appellees/Lonnie Brown and GEICO, Brown's liability insurer.
Appellee/Lonnie Brown was the owner and operator of a motor vehicle involved in an intersection collision with a motor vehicle owned and operated by the appellant. Appellee's wife was a passenger in appellee's vehicle at the time of the collision.
Appellee/GEICO secured a general release from appellant which read in pertinent part as follows:
RELEASE
IN FULL OF ALL CLAIMS
In consideration of the payment of One Thousand Three Hundred Ten and no/100 dollars to me in hand paid by GEICO I do hereby release and forever discharge said Lonnie Brown and GEICO from any and all actions, causes of actions, claims and demands for, upon or by reason of any damages, loss or injury which heretofore have been or which hereafter may be sustained by me in consequence of accident on 12-29-76 at 1st Ave. S. and 22nd St. S. in St. Petersburg, Fla.
Thereafter appellee's wife instituted a suit against appellant for personal injuries she sustained in the accident. Appellant promptly filed a third party complaint against the appellees for contribution. Appellees set up the release as a bar to appellant's third party complaint, then moved for and accordingly was granted a final summary judgment.
The fundamental question is whether a general release in the above language extends to a claim or cause of action for contribution between joint tortfeasors as to damages sustained by a third party.
The question presented is apparently one of first impression in Florida. It has, however, been treated by various other state courts with differing results.[1] Not all of the "general releases" addressed in these decisions are identical in language to that set forth above. Based upon such differences we could, perhaps, rationalize distinctions.
As with any other contract there must be a meeting of the minds of the parties as to fairly contemplated subject matter and intention. We feel that justice is best served by requiring the general release to employ some language that is sufficient notice to the unsophisticated that the subject matter involves not only the claims of the releasing party for injury to himself or his property, but also, any losses he might sustain because of the claims of a third party for injury to such third party or his property.
Releases are generally prepared and employed by the insurance industry and should not become a trap to waylay the innocent and unsuspecting by artful or overly broad wording. Neither should it become an impediment to the speedy settlement of the normal claims of an injured party against the responsible party. Neither party  in the normal context  is concerned or "contemplating" some possible claim by a third party. In short it is hardly presumed to be a part of the subject of their bargain. In the absence of appropriate language within the release indicative of such intent we hold that a "general release" of the type employed in this case does not absolve either of the parties from their respective or proportionate liabilities to a third party.
*512 There was no right to contribution from a joint tortfeasor in Florida prior to the 1975 enactment of the Uniform Contribution Among Tortfeasors Act, § 768.31, Fla. Stat. The release form which Bisaccio signed was in common use before the right of contribution came into being and was not designed to apply to contribution.
We have not overlooked appellee's argument that § 768.31(5)(b) applies to discharge Brown from liability, but we fail to see where that section provides any comfort to the appellee under the circumstances involved herein. That section is directed to the protection or preservation of the totality or finality intended and expected when a responsible party buys his peace from an injured party as to the personal injuries or property damage sustained by that particular injured party.
Nothing we have said is intended to prohibit the parties from specifically contracting as to their proportionate liability to a third party.
Reversed and remanded for further proceedings consistent with this opinion.
RYDER and DANAHY, JJ., concur.
NOTES
[1] See Annotation, and authorities therein cited, "Tortfeasors General Release of Co-Tortfeasor as Affecting Former's Right to Contribution Against Co-Tortfeasor," 34 A.L.R.3d 1374 (1970).