399 So.2d 515 (1981)
Karen S. WRIGHT, Appellant,
v.
Alice NIGH, Stephen Cutter, Ben Johnson, Reginald Boardman and Patricia Goodale, Appellees.
Stephen CUTTER and Ben Johnson, Appellants,
v.
Karen S. WRIGHT, Alice Nigh, Reginald Boardman and Patricia Goodale, Appellees.
Nos. 80-1394, 80-1441.
District Court of Appeal of Florida, Fourth District.
June 10, 1981.
Rehearing Denied July 7, 1981.
*516 Bruce W. Parrish, Jr. of O'Connell, Cooper, Parrish & McBane, P.A., West Palm Beach, for appellant Karen S. Wright (80-1394).
S. Carol McLean of Jones & Foster, P.A., West Palm Beach, for appellants Stephen Cutter and Ben Johnson (80-1441).
Mikel D. Greene and Douglas E. Thompson of Farish, Farish & Romani, West Palm Beach, for appellee Reginald Boardman.
DOWNEY, Judge.
These consolidated appeals involve a judgment on the pleadings which essentially found that appellants, Wright and Cutter and Johnson, could not maintain their respective claims for tortious interference with a contractual relationship.
The litigation commenced when appellant Karen Wright, as purchaser, sued appellee Alice Nigh, as seller, for specific performance of a contract to sell a parcel of real property in the Town of Palm Beach. Nigh filed a counterclaim against Wright, asserting that Wright, who herself was a real estate broker, breached her fiduciary duty in not reporting to Nigh an offer to purchase from one, Boardman. Nigh also filed a third party complaint against Cutter and Johnson, real estate brokers, who procured the Wright-Nigh contract in question. Eventually Boardman was made a party and plaintiff Wright and third party defendants Cutter and Johnson filed claims against Boardman for tortious interference with the contractual relationship between Wright and Nigh.
In her claim (inappropriately labeled "cross complaint") for tortious interference Wright asserted Boardman's intentional and malicious interference with Wright's contract to purchase the Nigh property resulted in Nigh's refusal to sell the property to Wright. Wright sought compensatory damages for increased interest rates, attorney's fees incurred in prosecuting the specific performance suit, loss of use of the property, and punitive damages. Cutter and Johnson in their action sought compensatory damages for loss of their commission, emotional distress, and punitive damages.
Just prior to trial on the specific performance aspect of the case Wright and Nigh settled their case and the court entered an order dismissing with prejudice Wright's complaint against Nigh for specific performance and Nigh's counterclaim against Wright. Nigh and Cutter and Johnson also stipulated to a dismissal with prejudice of their third party complaint and counterclaim.
After the foregoing orders of dismissal were entered Boardman moved for a judgment on the pleadings with regard to the claims against him for tortious interference with a contractual relationship. The thrust of Boardman's motion was that the voluntary dismissal of the specific performance and other claims between Wright and Cutter and Johnson on the one hand and Nigh on the other without any reservation of rights constituted a release or adjudication of the tort claim against Boardman. The trial court granted Boardman's motion and entered a final judgment dismissing all of the claims based upon tortious interference.
No question is raised on this appeal with regard to the procedural aspects of entering judgment on the pleadings in the present *517 posture of this litigation. Rather, the questions presented have only to do with the merits of the judgment in Boardman's favor. Thus, we will also treat only the merits of that judgment.
There is no question that a person can maintain an action for breach of contract and an action in tort for interference with that same contract. See, e.g., Bermil Corp. v. Sawyer, 353 So.2d 579 (Fla. 3rd DCA 1977). Although there is a division of authority on the question nationally, we think the preferred view is that the settlement of the contract action does not preclude further prosecution of the tort action for interference with the contract. However, settlement of the one may well have some effect on the elements of damage recoverable on the other. See Prosser, Law of Torts, § 129, p. 948 (4th Ed. 1971). In this litigation, settlement of the specific performance case and payment of the commission would eliminate such damages as the real estate brokerage commission and loss of the purchaser's bargain. However, as to other damages resulting from the tort, such as attorney's fees incurred in the specific performance suit and punitive damages, there is no reason to hold their recovery barred by elimination of the contract claim, unless of course the claimant has given a release of the tort claim. The mere settlement of the contract claim does not, without more, release the tort claim.
Wright and Cutter and Johnson have alleged damages in their claim for interference which were not involved in the specific performance suit, and thus they will support the tort claims.
Accordingly, the judgment appealed from is reversed, and the cause is remanded with directions to reinstate the claims for tortious interference with a contract.
MOORE and HERSEY, JJ., concur.