DANAHY, Acting Chief Judge.
The appellants are two of the makers of a promissory note in favor of Park Bank, Florida, of St. Petersburg in the principal amount of $50,000. In 1985 Park Bank commenced this action against the appellants to collect the note. After Park Bank became insolvent, the appellee (FDIC) purchased the appellants’ note from the liquidator of Park Bank as part of a purchase and assumption transaction. FDIC was then substituted as plaintiff in this action in place of Park Bank.
The appellants attempted settlement negotiations with FDIC. In 1990 FDIC recommenced its efforts in this suit against the appellants by filing an amended complaint. The appellants answered the amended complaint and raised as affirmative defenses that they had settled the case with FDIC and that FDIC was estopped to assert otherwise.
*213 FDIC moved for a summary judgment against the appellants based on the promissory note. The trial court ruled that there were no genuine issues as to any material facts and that FDIC was entitled to a summary judgment in its favor. Final summary judgment in favor of FDIC was thereafter entered. We reverse.
The appellants, specifically the appellant Mr. Byrd, presented their testimony that they had discussed the terms of a settlement with a Mr. Kelly, an account officer of FDIC, and that Mr. Kelly had represented that he had authority to negotiate a settlement with them. We believe that there are genuine issues of material fact as to whether a settlement agreement with the appellants was reached which is binding on FDIC. If the record of the case reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989); Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979).
Reversed and remanded for further proceedings.
LEHAN and PATTERSON, JJ., concur.