613 So.2d 1376 (1993)
Edgar A. BALDWIN, Jr., Appellant,
v.
NATURE'S HIDEAWAY, Phase I-B Homeowners Association, Inc., a Florida Nonprofit Organization, Appellee.
No. 91-03978.
District Court of Appeal of Florida, Second District.
February 19, 1993.
Rebecca Henson Hudoba of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, for appellant.
Bruce E. Przepis of Bruce E. Przepis, P.A., New Port Richey, for appellee.
*1377 DANAHY, Acting Chief Judge.
The appellant challenges a final summary judgment finding that the appellant is in violation of deed restrictions regarding the use of his house because the person renting the house has allowed three unrelated elderly persons to live there pursuant to a license from HRS referring to such a use as "adult foster care." For the reasons set forth below, we reverse.
The appellant owns a house in a subdivision in Pasco County known as Nature's Hideaway, Phase I-B. The appellant rents the house to Ms. Marion I. Shipman. Ms. Shipman, three of her children, and three unrelated elderly persons live in the house. Each of the three elderly persons pays Ms. Shipman monthly room and board, and Ms. Shipman pays the appellant monthly rent for the home. Ms. Shipman has a license from HRS to have no more than three elderly adults residing in the house, which is referred to as "adult foster care." Ms. Shipman has no occupational license and her home is not classified as an adult congregate living facility.
The appellee is the homeowner's association for Nature's Hideaway, Phase I-B. It brought this suit to obtain an injunction prohibiting the appellant from allowing his house to be used as a residence for three elderly persons unrelated to the appellant's tenant, Ms. Shipman, on the ground that this use is in violation of the deed restrictions applicable to homes in the Nature's Hideaway, Phase I-B subdivision.
We first put aside the appellant's reliance on section 419.001(2), Florida Statutes (1991). That section is part of a chapter governing "community residential homes." A community residential home is defined as a dwelling unit licensed to serve clients of HRS. Section 419.001(2) provides that homes of six or fewer residents which otherwise meet the definition of a community residential home shall be deemed a single family unit and a noncommercial, residential use for the purpose of local laws and ordinances. We agree with the appellee that section 419.001(2) by its express terms does not apply to private deed restrictions, nor does it or chapter 419 express a public policy of the State of Florida which overrides private deed restrictions.
The deed restrictions at issue here are contained in Article VIII of "Declaration of Restrictions, Limitations, Conditions and Agreements of Nature's Hideaway Phase I-B." The pertinent provisions are as follows:

SECTION 5. Nuisances. Nothing shall be done or permitted to be done or maintained, or failed to be done, on any Lot which may be or become an annoyance or nuisance to the neighborhood, including, without limitation, the following:
... .
2. Trades. No manufacturing, trade, business, commerce, industry, profession or any other occupation whatsoever shall be conducted or carried on or upon any Lot or any part thereof or in any building or other structure erected thereon, except for the business of the Developer while the Developer still owns any Lot in the subdivision. Furthermore, no hobby, game or sport shall be engaged in by the owner, his invitees or guests which shall result in loud, obnoxious or offensive noises.
The trial court in its final summary judgment concluded that Ms. Shipman's allowing three unrelated elderly boarders to live in her home constituted an occupation within the definition of the restrictions and granted the appellee a permanent injunction on that basis.
It is wholly within our scope of review to read these restrictions and come to our own conclusion as to their proper interpretation. See CH2M Hill Southeast, Inc. v. Pinellas County, 598 So.2d 85 (Fla. 2d DCA 1992). The carrying on of an occupation is mentioned in subparagraph 2 of Section 5 and is subject to the umbrella words of that section. Section 5 refers to nuisances and prohibits the doing of anything on any lot in the subdivision which may be or become an annoyance or nuisance to the neighborhood, including those activities described in subparagraph 2. We conclude that merely engaging in an "occupation," *1378 without more, is not a violation of the deed restrictions. There must be a showing that the occupation in question is or may become an annoyance or nuisance to the neighborhood. For these reasons, we reject the appellee's argument that subparagraph 2 of section 5 stands alone and is self-executing.
In support of its motion for summary judgment, the appellee filed an affidavit of its president alleging that the "business" conducted by the appellant's tenant has created unbearable traffic congestion with emergency vehicles and police vehicles parking in front on numerous occasions and that on one occasion an elderly gentleman was "wandering aimlessly." The appellant filed Ms. Shipman's affidavit in opposition to the motion for summary judgment in which she stated that she has not allowed any persons living with her to be a nuisance, that she did not create traffic congestion in the neighborhood, and that the elderly gentleman referred to in the appellant's affidavit did not live in her home.
Having concluded that the use of the appellant's home in Nature's Hideaway is not in violation of the deed restrictions unless that use may be or become an annoyance or nuisance to the neighborhood, we further find that there is a genuine issue of material fact as to whether the presence of Ms. Shipman's three elderly boarders is or may become an annoyance or nuisance to the neighborhood. If the record of the case reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Byrd v. FDIC, 598 So.2d 212 (Fla. 2d DCA 1992).
Reversed and remanded for further proceedings.
PARKER, J., concurs.
ALTENBERND, J., concurs specially with opinion.
ALTENBERND, Judge, concurring specially.
I concur in the result in this case, and I agree with most of the reasoning. The majority opinion, however, states that chapter 419, Florida Statutes, does not express a public policy that overrides private deed restrictions. I do not believe it is necessary for this court to reach that issue. I am inclined to believe, however, that private deed restrictions should not be judicially enforced to exclude shared residential facilities which the legislature has expressly protected from local zoning ordinances.
A substantial percentage of Pasco County's population is elderly. As a result of gradual changes in our traditional family structure, many elderly people have no supporting family when their spouses die. These elderly people need a pleasant place to live. A shared residential home for six or fewer people is an ideal solution. The county, as a whole, needs the power to place such facilities throughout its territory. Individual neighborhoods should not be allowed to decide that a small home, occupied by elderly or disabled residents, is a locally undesirable land use, and override state law by writing a deed restriction that would be unenforceable as a zoning ordinance. I am not prepared to rule that trial courts lack the authority to refuse to honor such dubious restrictions under the public policies expressed in chapter 419, Florida Statutes.