GRIFFIN, Judge.
Defendants, Edward C. and Sandra S. Sweeney (the “Sweeneys”), have appealed the lower court’s final judgment granting a mandatory injunction in favor of the plaintiffs, Paul M. and Patricia J. Mack (the “Macks”). The Sweeneys and the Macks are residents of the Spruce Creek development (“Spruce Creek”) located twelve (12) miles south of Daytona Beach, Florida. Spruce Creek is a “fly-in” residential development catering to residents owning aircraft. The Sweeneys and the Macks live in proximity to each other on a cul-de-sac in Unit II-D of Spruce Creek.
After the Sweeneys purchased their lot in 1988, they submitted plans for construction of their residence to Spruce Creek’s architectural review committee (“ARC”). Under the applicable covenants and restrictions (C & R’s), no building could be built or altered until the developer or his representative had given written approval of the plans. The ARC was the designated representative of the developer for plan review and approval. The ARC approved the Sweeneys’ plans, which included two features that are the subject of this appeal: (1) the garage and hangar are under a single roof not separated by a wall; and (2) the garage/hangar structure does not share a common wall with the dwelling, but is attached to the dwelling by a short covered and walled walkway. After the Sweeneys began building their home, the Macks objected to the Sweeneys’ design. The developer then assigned its property manager/director of development to review the plans again. The plans were again found to conform to the C & R’s so construction proceeded.
The Macks filed suit in 1989 and succeeded in obtaining a temporary injunction after construction was substantially complete. When the case came to trial some three years later, the lower court concluded that the C & R’s were clear and unambiguous and that construction of a garage not attached to the dwelling by a common wall and the undifferentiated design hangar/garage structure violated the C & R’s. We reverse.
After carefully reviewing all provisions of the C & R’s, we are bound to conclude that the lower court erred in finding the covenants and restrictions to be unambiguous. Given the lack of definition of the key terms, the various confusing references to “hangar”, “plane port” and “garage” and the rather loose uses of the words “attached” and “detached”, the intent of the C & R’s is not free from ambiguity. Further, in the C & R’s the developer is specifically given the authority to make the final decision concerning approval of garage, plane port or hangar conformity:
Section 5. Garage, Plane Ports and Hangars. [Gjarages shall be not less than 2-car width nor more than 3-car width. All garages, hangars and/or plane ports built either simultaneously with or subsequent to the construction of the dwelling, shall be of the same kind of materials as the dwelling, shall be substantial, and shall conform architecturally to the dwelling. *17 Construction of a garage, plane port, or hangar shall be subject to the provisions for building plan approval contained in Section 3 above, and the judgment of the Developer, its successors, assigns, or designated representative shall be binding and final, [emphasis added].
The Sweeneys argue that the trial court erred by substituting its judgment for that of the ARC because, under the C & R’s, the ARC, as the designated representative of the developer, has complete discretion to determine such issues.
As the Sweeneys point out, this case is unusual because other reported Florida cases either involve a property owner contesting the ARC’s decision, or ignoring the ARC approval process altogether. See Pelican Island Property Owners Ass’n v. Murphy, 554 So.2d 1179 (Fla. 2d DCA1989); James v. Smith, 537 So.2d 1074 (Fla. 5th DCA1989); Young v. Tortoise Island Homeowner’s Ass’n, 511 So.2d 381 (Fla. 5th DCA1987). The general rule, nevertheless, applies. Even if a developer or an architectural review committee is given the absolute power to approve or to disapprove building plans, such power cannot be exercised unreasonably or arbitrarily. 511 So.2d at 384. There is no suggestion in this record of any fraud, collusion or improper motive on the part of the developer or the ARC in approving the plans, either before or after the Macks raised their objection. The lower court simply concluded that the C & R’s governing garages and hangars were unambiguous, implicitly finding that the ARC’s approval of the Sweeneys’ plans in the face of such unambiguous restrictions was unreasonable or arbitrary.
It is well settled in Florida that the C & R’s must be construed in favor of the free and unrestricted use of property, but that where the terms of a covenant are unambiguous, the courts will enforce such restrictions according to the intent of the parties, as expressed by the clear and ordinary meaning of the terms used. Norwood-Norland Homeowners’ Ass’n v. Dade County, 511 So.2d 1009, 1014 (Fla. 3d DCA1987). However, a covenant that is ambiguous must be resolved against the party claiming the right to enforce the restriction. Id. Cf. Europco Management Co. of America v. Smith, 572 So.2d 963 (Fla. 1st DCA1990).
The most analogous case we have found is Johnson v. Linton, 491 S.W.2d 189 (Tex.Civ. App.1973). The Texas court observed that while the ARC is not empowered to write new restrictive covenants or limitations, nor to cancel existing ones, the ARC does act in an executive or enforcing capacity with fact-finding powers. Id. The court concluded that where any doubt exists concerning the meaning of the deed restrictions, the ARC’s decision is entitled to deference.
Given the ambiguity of the C & R’s, the preference for a construction of C & R’s that favors unrestricted use of property and the ARC’s judgment that the plans met the requirements of the C & R’s, the lower court erred in refusing to defer to the ARC’s decision. In light of the court’s disposition of the main issue, the award of attorneys’ fees, also appealed, is reversed.
REVERSED and REMANDED with instructions to vacate the injunction.
HARRIS, C.J., and DIAMANTIS, J., concur.