KHOUZAM, Judge.
The Heleskis began building a structure on their property in the Christina Woods Phase 9 residential subdivision without notifying or getting approval from the Christina Woods Phase 9 Homeowners’ Association (“HOA”). The structure is 24 feet by 24 feet and is separate from the Heleskis’ main house. The Harrells and Henneberrys, who are neighbors of the Heleskis, complained to the HOA that the structure was in violation of the neighborhood’s deed restrictions-the Declaration of Covenants, Restrictions, Limitations and Conditions. When the HOA approved the Heleskis’ project, the Harrells and Henne-berrys filed an action in circuit court to *1272 prohibit the construction. The circuit court granted summary judgment in favor of the Harrells and the Henneberrys, finding that the Heleskis were prohibited from building the structure. The Heleskis appealed. We reverse and remand.
We review the circuit court’s grant of summary judgment de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Summary judgment may be properly granted only where no issue of material fact remains and the movant is entitled to judgment as a matter of law. Id. Indeed, summary judgment is improper if the record reflects even the slightest doubt that a genuine issue of material fact might exist. Baldwin v. Nature’s Hideaway, Phase I-B Homeowners Ass’n, Inc., 613 So.2d 1376, 1378 (Fla. 2d DCA 1993).
 The general rule in Florida is that “ ‘a reasonable, unambiguous restriction will be enforced according to the intent of the parties as expressed by the clear and ordinary meaning of its terms.’ ” Imperial Golf Club, Inc. v. Monaco, 752 So.2d 653, 654 (Fla. 2d DCA 2000) (quoting Barrett v. Leiher, 355 So.2d 222, 225 (Fla. 2d DCA 1978)). The court must give effect to the commonly understood meaning of the terms used in the deed restrictions. See Klak v. Eagles’ Reserve Homeowners’ Ass’n, Inc., 862 So.2d 947, 954 (Fla. 2d DCA 2004). “Restrictive covenants are not favored and are to be strictly construed in favor of the free and unrestricted use of real property.... Any doubt as to the meaning of the words used must be resolved against those seeking enforcement.” Wilson v. Rex Quality Corp., 839 So.2d 928, 930 (Fla. 2d DCA 2003); see also Sweeney v. Mack, 625 So.2d 15, 17 (Fla. 5th DCA 1993).
The issue in this case centers on the language used in section 3 and section 9 of the Christina Woods Phase 9 deed restrictions. Section 3 states:
GARAGES. Each single-family dwelling shall have a private garage, capable of housing at least two (2) cars, together with a concrete driveway or such other driveway as is approved by the Developer, extending from the garage to the front lot line. All garages shall contain automatic electric door openers which shall be maintained in good operating condition. Each garage shall be attached to the dwelling and shall conform architecturally to the design of the dwelling. Unless otherwise approved by the Developer, the door opening of each garage shall not face any street.
Section 9, on the other hand, provides:
UTILITY BUILDINGS. No utility buildings, sheds or outbuildings shall be erected, placed or permitted to remain on any lot without the prior written consent of the Developer.
Neither “garage” nor “utility building” is defined in the deed restrictions. The American Heritage Dictionary defines an “outbuilding” as “[a] building separate from but associated with a main building” and a “shed” as “[a] small structure, either freestanding or attached to a larger structure, serving for storage or shelter.” The American Heritage Dictionary of the English Language (5th ed.2011), available at www.ahdictionary.com. A garage, on the other hand, is defined as “[a] building or indoor space in which to park or keep a motor vehicle.” Id.
The trial court found that section 3 only allows for a single, attached garage per single-family dwelling and prohibits the construction of additional, detached garages. The court determined that the He-leskis’ structure was a garage governed by section 3 because the Heleskis repeatedly referred to it as a “garage” in their building application and communications with *1273 the HOA. As to section 9, the court stated that “there is simply no way a garage may fit within the definition of ‘outbuilding’ as that term is used in § 9.”
But the fact that the Heleskis referred to the structure as a “garage” (they also referred to it as a “storage building”) does not conclusively establish that it is actually a “garage,” and the record is unclear as to how the Heleskis intend to use the structure. If the structure will be used to park vehicles, it will likely be considered a “garage” governed by section 3. If it will be used for storage, on the other hand, it probably will fall within the definition of a “utility building” under section 9 and section 3 will not apply. Though the parties suggest that due to its placement on the property the structure could not be used for parking vehicles, the record is ultimately unclear as to how the Heleskis intend to use the structure. As the question of whether the structure is a “garage” covered by section 3 or one of the “utility buildings” covered by section 9 turns on the intended function of the structure, a material issue of fact remains. We reverse the trial court’s order granting summary judgment and remand for proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND and SLEET, JJ„ Concur.