KHOUZAM, Judge.
In 1998, numerous entities, including Future Capital Holding Corporation, were hired to construct Mainstreet Apartments in Clearwater. Clearwater Housing Authority later purchased the property. The certificate of occupancy was issued and Clearwater Housing took possession of the property in 2000, but the final plat was not submitted by the engineers on the project — Florida Design Consultants — until 2003. In 2009, Clearwater Housing filed suit for negligence and construction defects, naming Future Capital as a defendant in 2011. The circuit court granted summary judgment in favor of Future Capital, determining that the ten-year statute of repose found in section 95.11(3)(c), Florida Statutes (2011), barred Clearwater Housing’s suit. Because a genuine issue of material fact remains, we reverse and remand.
At the outset, we note that “in Florida, limitations defenses are not favored. Accordingly, when there is a reasonable doubt as to legislative intent, the preference is to allow the longer period of time.” Allan & Conrad, Inc. v. Univ. of Cent. Fla., 961 So.2d 1083, 1087 (Fla. 5th DCA 2007). This case hinges on the interpretation of section 95.11, which provides in relevant part:
Actions other than for recovery of real property shall be commenced as follows:
[[Image here]]
(3) Within four years.—
[[Image here]]
(c) An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest; except that, when the action involves a *412 latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. In any event, the action must be commenced within 10 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest.
(emphasis added). Under the fourth prong of the repose provision of the statute, the repose period commences on the latest date that any of the listed entities— the professional engineer, registered architect, or licensed contractor — completed or terminated their contract. See Allan & Conrad, 961 So.2d at 1087; Downs v. U.S., No. 06-20861-CIV, 2011 WL 688739, at *4 (S.D.Fla. Feb. 18, 2011).
Future Capital argued, and the trial court agreed, that the ten-year time period for Clearwater Housing to file suit had run because the certificate of occupancy for the project was issued and the owner took possession in 2000 but the suit was not filed against Future Capital until 2011. Though the final plat was submitted by Florida Design in 2003, Future Capital claimed that that submission could not be the event that triggered the statute of repose because it did not constitute the “design, planning, or construction of an improvement to real property.”
Clearwater Housing, on the other hand, argued that Florida Design did not complete the contract with its employer, the original owner, until it submitted the final plat in 2003. Thus, Clearwater Housing had until 2013 to file suit. According to Clearwater Housing, the issue is not whether the 2003 final plat constitutes an improvement to real property — while a cause of action must be founded on the design, planning, or construction of an improvement to real property for section 95.11(3)(c) to apply, nothing in that section requires the event that triggers the statute of repose also be an improvement to real property. We agree that, based on the plain language of the statute, the issue in this case is not whether the 2003 final plat was an improvement to real property but whether it was completed under Clear-water Housing’s contract with Florida Design.
The affidavits submitted by the parties raise a genuine issue of material fact as to when the contract was completed. Robert Wright, Jr., a surveyor for Florida Design, stated in his affidavit that the design and planning functions related to the project were completed before Clearwater Housing took possession of the property in 2000. He differentiated this work from the surveying work that was done to prepare the plat in 2003. According to Wright, the City of Clearwater demanded the plat of the Mainstreet Apartments Property in 2003 because the original owner of the entire tract wanted to change its plan for an adjacent property. Edward Mazur, Jr., President and Executive Officer of Florida Design, stated in his affidavit that Florida Design had completed work on the project by 2000. In his deposition, he suggested that Florida Design had submitted the final plat in 2003 under contract with the original owner — not the contract with Clearwater Housing. On the other hand, Keith Litzell, P.E., stated in his affidavit that Mazur’s statements were untrue and that Florida Design was performing work on the project at least as late as 2003. Jacqueline Rivera, Chief Executive Officer of Clearwater Housing, also stated in her affidavit that the 2003 final plat was part of Florida Design’s continu *413 ing and required work on the project for the developer of the Mainstreet Apartments Property. She signed the plat to allow Florida Design to finalize its work because by 2003 Clearwater Housing was the owner of the property.
These affidavits show that a genuine issue of material fact remains in this case. Summary judgment is improper if the record reflects even the slightest doubt that a genuine issue of material fact might exist. Baldwin v. Nature’s Hideaway, Phase I-B Homeowners Ass’n, Inc., 613 So.2d 1376, 1378 (Fla. 2d DCA 1993). Accordingly, we must reverse and remand for further proceedings.
Reversed and remanded.
KELLY and SLEET, JJ., Concur.