IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TIMOTHY BUSCH,

      Appellant,

 v.                                            Case No. 5D16-1626

LENNAR HOMES, LLC,

      Appellee.

_____/

Opinion filed April 13, 2017

Appeal from the Circuit Court
for Lake County,
Mark J. Hill, Judge.

Matthew L. Wilson and Joshua E. Burnett of
Burnett Wilson Reeder, Tampa, for
Appellant.

Charles D. Harper, Christopher L. Griffin
and Adam R. Alaee of Foley & Lardner LLP,
Tampa, for Appellee.

PALMER, J.

      Timothy Busch (Homeowner) appeals the trial court's order dismissing his complaint with prejudice based on the expiration of the ten-year statute of repose applicable to construction defect claims. See § 95.11(3)(c), Fla. Stat. (2015). Because the complaint does not conclusively establish that the statute of repose had expired prior to the filing of Homeowner's complaint, we reverse.

When ruling on a motion to dismiss a complaint, the trial court must look no further than the complaint and its attachments and must treat as true all of the complaint's well-pleaded allegations. Morin v. Florida Power & Light Co., 963 So. 2d 258, 260 (Fla. 3d DCA 2007). A trial court's determination to dismiss a complaint, based on a matter of law, is subject to de novo review. Saltponds Condo. Ass'n v. Walbridge Aldinger Co., 979 So. 2d 1240, 1241 (Fla. 3d DCA 2008). Thus, when considering a trial court's dismissal of a complaint on the basis of the statute of repose, the appellate court's focus is on whether the factual allegations set forth in the complaint and its attachments establish that the claims for relief therein are time barred. Ambrose v. Catholic Soc. Serv., Inc., 736 So. 2d 146, 149 (Fla. 5th DCA 1999). Of importance, a plaintiff is not required to anticipate affirmative defenses, including the statute of repose, with specific allegations in the complaint in order to survive a dismissal motion. Williams v. City of Jacksonville, 191 So. 3d 925, 928 (Fla. 1st DCA 2016).

Pursuant to the Purchase and Sale Agreement (the contract) between Homeowner and Lennar Homes (Builder), Homeowner agreed to pay Builder for the construction of a home. Nearly ten years after closing on the home, Homeowner served a Chapter 558 notice on Builder concerning several alleged construction defects.[1] A short time later, but more than ten years after closing, Homeowner filed a complaint alleging multiple construction defects attributable to Builder. Relying on section 95.11(3)(c), Florida's statute of repose, Builder filed a motion to dismiss the complaint. This statute provides:

> **95.11 Actions other than for recovery of real property shall be commenced as follows**:

---

[1] Chapter 558, Florida's construction defect statute, requires a claimant to serve a written notice of claim on the party believed to be responsible for the defect 60 days prior to filing suit. See §§ 558.003; 558.004(1), Fla. Stat. (2015).

. . . .

**(3) Within four years.—**

. . . .

(c) An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. In any event, the action must be **commenced within 10 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest**.

§ 95.11(3)(c) (emphasis added). In seeking dismissal, Builder argued that the parties' contract was completed at closing and, thus, the statute of repose barred Homeowner's action because the complaint was filed more than ten years after closing.

After conducting a hearing, the trial court granted Builder's motion and dismissed the complaint. Homeowner challenges this ruling, arguing that the trial court erred in dismissing his complaint because it did not conclusively establish that the contract was completed at closing. We agree.

A contract is not complete until "both sides of the contract" have been performed. Cypress Fairway Condo. v. Bergeron Const. Co., 164 So. 3d 706 (Fla. 5th DCA 2015). Here, the contract, which was attached to the complaint, provided:

10. Inspection Prior to Closing

3

10.1 Purchaser shall be given an opportunity to examine the Home with Seller's representative prior to closing of title on a date and time scheduled by Seller. At that time, if any items are noted, Purchaser shall present to Seller an inspection statement signed by Purchaser, if any items noted are actually defective in workmanship or materials in Seller's opinion in accordance with construction standards prevalent for a similar home in the county where the community is located, Seller will be obligated to correct those items at Seller's cost. A second inspection of the home will be conducted prior to closing at which time the Purchaser will be given an opportunity to examine the home with Seller's representative to acknowledge that items listed on the inspection statement prepared after the first inspection have been corrected. Any remaining items that Seller has agreed to correct will be corrected by Seller at Seller's sole cost and expense prior to closing or at Seller's option within a reasonable time after closing.

Because the contract expressly contemplated that closing could occur even if work required by the contract remained incomplete, and the complaint did not allege that no work was completed after closing, the allegations of the complaint do not conclusively establish that the contract was completed upon closing. Accordingly, the trial court erred in dismissing the complaint. See Allan & Conrad Inc. v. Univ. of Cent. Florida, 961 So. 2d 1083 (Fla. 5th DCA 2007); Clearwater Hous. Auth. v. Future Capital Holding Corp., 126 So. 3d 410 (Fla. 2d DCA 2013).[2]

_____

[2] Homeowner also argues that he commenced the action by serving a Chapter 558 notice and that the statute of repose was tolled until he filed suit, relying on the Florida Supreme Court's decision in the medical malpractice case of Musculoskeletal Institute Chartered v. Parham, 745 So. 2d 946 (Fla. 1999). We reject this argument because there is an important distinction between the two statutory schemes. If a potential medical malpractice litigant files suit prematurely, the case is subject to dismissal; however, if a claimant asserting a construction defect files suit prematurely, the lawsuit is simply stayed. See § 558.003. Notably, the decision in Parham was based in large part on the concern that compliance with the medical malpractice presuit requirements could result in a potential litigant's cause of action being forever barred by the statute of repose, constituting an "unconstitutional impediment to access to the courts." 745 So. 2d at 952.

4

REVERSED and REMANDED.

ORFINGER, J., and WEISS, K., Associate Judge, concur.

---

The stay provision thus ensures that section 558.004's requirements do not infringe upon a claimant's right to access the courts.