DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT GINDEL, KEVIN HUMPHREY, XIOADAN SONG, WEIJING LI, PATRICIA JACOBS, CRAIG HANDWRECKER, JOHN WOODS, MICHELLE CHARBONNEAU, ANNIE BROUSSEAU, CLAUDE RACINE, ROLAND SKERGET, ANNE SMART, ANTHONY D'ACUNTO, GREGG LUTZ, ERIC NEMETH, JUDITH GRASSO, LORI BRYAN, BRIAN STREICHER, AND GRACE MACKEY,**
Appellants,

v.

**CENTEX HOMES, CENTEX REAL ESTATE CORPORATION, 2728 HOLDING CORPORATION, PULTE HOME CORPORATION, AND PULTE CORPORATION,**
Appellees.

No. 4D17-2149

[September 12, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit; Palm Beach County, Edward L. Artau, Judge; L.T. Case No. 50-2014-CA-005369.

Scott C. Harris of Whitfield Bryson & Mason, LLP, Raleigh, NC, for appellants.

Luis E. Ordonez and Gabriel A. Alfonso of Quintairos, Prieto, Wood & Boyer, P.A., Miami, John H. Dannecker, Derrick M. Valkenburg, and Jennifer P. Sommerville of Shutts & Bowen, LLP, Orlando, and Jason B. Gonzalez of Shutts & Bowen, LLP, Tallahassee, for appellees.

FERNANDEZ, ASSOCIATE JUDGE.

Robert Gindel, et al., (collectively, "Homeowners") appeal the Final Judgment entered by the trial court granting summary judgment in favor of Centex Homes and its subcontractor, Reliable Roofing and Gutters, Inc., (collectively, "Centex"). Upon consideration of the statute of repose for actions founded upon the improvement of real property, we find that Homeowners commenced an action before the expiration of the statute of repose when they provided the requisite pre-suit notice of defect to Centex,

pursuant to section 558.004, Florida Statutes (2014). Accordingly, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

## I.    BACKGROUND

The underlying case is a construction defect case for damages arising from allegedly improperly constructed townhomes. On March 31, 2004, Homeowners closed on and took possession of their townhomes constructed by Centex. From this date, the statute of repose, section 95.11(3)(c), Florida Statutes (2014), began to run as to any construction defect, the expiration of which was ten years later. The Homeowners discovered the alleged construction defect and, on February 6, 2014, provided the requisite pre-suit notice of defect to Centex, pursuant to Chapter 558. At the completion of the mandatory pre-suit procedure, Centex notified Homeowners that it would not cure the alleged defect. On May 2, 2014, Homeowners filed suit.

The trial court found that Homeowners commenced an action upon filing suit and, therefore, concluded that the action originated after the expiration of the ten-year period of the statute of repose. In response, Homeowners argued that the action commenced upon filing the requisite pre-suit notice of Chapter 558, which was in fact filed before the 10 year period lapsed. The trial court rejected Homeowners' argument and granted summary judgment in favor of Centex. Homeowners appealed.

## II.    RELEVANT STATUTES

The outcome of this appeal hinges on whether the pre-suit notice required by Chapter 558 qualifies as "an action," as the term is defined in the statute of repose, sections 95.011 and 95.11(3)(c).

Chapter 95 - Statute of Repose

The applicable language limiting actions founded upon the improvement of real property is provided as follows:

> **95.011** *A civil action or proceeding,* called *"action"* in this chapter, [. . .] shall be barred unless begun within the time prescribed in this chapter [. . .].

> **95.11(3)(c)** *An action* founded on the design, planning, or construction of an improvement to real property [. . .] *must be commenced within 10 years* after the date of actual possession

by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest.

§§ 95.011, 95.11(3)(c), Fla. Stat. (2014) (emphasis added).

Chapter 558 - Pre-suit Notice Requirement

Chapter 558 required Homeowners to provide pre-suit notice of defect to Centex to allow the contractor an opportunity to cure, as an alternative to litigation. The relevant portion of the statute reads:

**558.002(1)** *"Action" means any civil action or arbitration proceeding* for damages or indemnity asserting a claim for damage to or loss of real or personal property caused by an alleged construction defect, but does not include any administrative action or any civil action or arbitration proceeding asserting a claim for alleged personal injuries arising out of an alleged construction defect.

**558.003** A claimant *may not file an action* subject to this chapter *without first complying with the requirements of this chapter.* If a claimant files an action alleging a construction defect without first complying with the requirements of this chapter, *on timely motion by a party to the action the court shall stay the action,* without prejudice, and the action may not proceed until the claimant has complied with such requirements.

**558.004(1)(a)** In actions brought alleging a construction defect, the claimant shall, at least *60 days before filing any action,* or at least 120 days before filing an action involving an association representing more than 20 parcels, *serve written notice of claim on the contractor,* subcontractor, supplier, or design professional, as applicable, which notice shall refer to this chapter.

§§ 558.002(1), 558.003, 558.004(1)(a), Fla. Stat. (2014) (emphasis added).

## III.    ANALYSIS

Throughout the order on appeal, the trial court conflated the separate and distinct definitions of the term "action" provided in Chapter 95 and Chapter 558.  In Chapter 558, given the definition and the context in which the term is used, it is evident that the term "action" indeed does not include the mandatory pre-suit procedure set forth in the chapter.  This is especially apparent when, in section 558.004, the chapter instructs that a written notice of claim shall be served on the contractor *before* an action is brought.  However, in Chapter 95, "action" is defined more broadly and without much context to limit the meaning of the term.  Chapter 95 is a statute of repose specific to construction claims but does not appear to rely on Chapter 558 or reference it in any way.  Therefore, this Court concludes that the interpretation of the term "action" in Chapter 95 is distinct from and without reliance on the term as it is defined and used in Chapter 558.

Focusing on the Chapter 95 term, Homeowners argue that the definition of "action" is broad in scope as it is simply defined as, "A civil action or proceeding."  Homeowners focus on the "proceeding" portion of the definition and contend that the mandatory pre-suit notice and procedure set forth in Chapter 558 is a "proceeding" and is thus an "action."  Homeowners' reasoning is logical and practical.  The trial court interpreted "action" exclusively as a "civil action," that is commenced solely by filing a complaint.  The trial court's interpretation ignores the full definition of Chapter 95, rendering the rest of the definition, "or proceeding," as meaningless surplusage.

Homeowners cite to *Raymond James Financial Services, Inc. v. Phillips*, 126 So. 3d 186 (Fla. 2013), for the proposition that the Florida Supreme Court has already recognized that civil actions and proceedings are distinct concepts and therefore must be interpreted separately.  The trial court had found, and the Second District agreed, that the definition "civil action or proceeding," pursuant to section 95.011, only applies to judicial actions and does not include arbitration proceedings.  *Raymond James Fin. Servs., Inc. v. Phillips*, 110 So. 3d 908, 912 (Fla. 2d DCA 2011), *decision quashed*, 126 So. 3d 186 (Fla. 2013).  Upon certification to the Florida Supreme Court, the Supreme Court found that if the legislature wanted to limit proceedings to judicial proceedings, it would have added "judicial" before "proceeding" in the definition. *Raymond*, 126 So. 3d at 191.  For the plain meaning of the term, the Supreme Court cited to dictionary definitions, including Merriam-Webster's Dictionary of Law defining "proceeding" as "a particular step or series of steps in the

4

enforcement, adjudication, or administration of rights, remedies, laws, or regulations."[1] *Id.* at 191 n. 4. Homeowners claim in their brief,

> If Chapter 558 did not have mandatory procedures that must be followed in order to recover damages for construction defects, then the Homeowners would have filed the class action complaint on February 6, 2014. [. . .] By impacting the entire process of a construction defect claim, Chapter 558 imposes mandatory steps that are on a continuum of a larger proceeding.

We agree with Homeowners that Chapter 558 lays out a series of mandatory steps that must be complied with before judicial action is to be taken, and therefore, the pre-suit notice constitutes an "action" for purposes of the statute of repose.

Up until this decision, Florida courts had not directly addressed the issue of whether the mandatory pre-suit notice of Chapter 558 qualifies as an "action," pursuant to Chapter 95. However, in *Musculoskeletal Institute Chartered v. Parham,* 745 So. 2d 946 (Fla. 1999), the Florida Supreme Court held that, in the context of medical malpractice, compliance with the statutory pre-suit notice and investigation requirements of sections 766.104(1) and 766.106(4), Florida Statutes (1989), constituted commencement of an "action" for purposes of the statute of repose. The

---

[1] The Supreme Court also referred to Black's Law Dictionary for guidance:

> Black's Law Dictionary defines "civil action" as "[a]n action brought to enforce, redress, or protect a private or civil right; a noncriminal litigation." *Black's Law Dictionary* 34 (9th ed. 2009). It defines "proceeding" as "[a]ny procedural means for seeking redress from a tribunal or agency." *Id.* at 1324. . . . As Black's Law Dictionary notes, a tribunal is '[a] court or *other adjudicatory* body." *Black's Law Dictionary* 1646 (emphasis added).

*Raymond,* 126 So. 3d at 190-91. Though Black's Law states that the purpose of a proceeding is to seek redress from "a tribunal or agency," ultimately. Homeowners are striving to seek redress from the judicial courts, if necessary, and in order to reach the courts, Homeowners must first pass through the "procedural means" of compliance with the mandatory pre-suite notification procedure of Chapter 558.

Supreme Court found that "commencing an action in the circuit court is inextricably linked to [...] [the] provisions of chapter 766." Id. at 951. And, "[I]t would be an unconstitutional impediment to access to the courts if compliance with the statutory requirements in chapter 766 resulted in a potential claimant's suit being forever barred by the associated statute of repose." Id. at 952. We find the same to be true in the construction context.

In the order on appeal, the trial court extensively cited to a singular footnote in Busch v. Lennar Homes, LLC, 219 So. 3d 93 (Fla. 5th DCA 2017), for support as to why Florida courts cannot apply Parham to a construction case. In this singular footnote, the Busch court stated that in the construction context, there is no infringement upon a construction defect claimant's right to access the courts as is present in the medical malpractice context. Id. at 96 n. 2. This assertion is based on the stay provision provided in Chapter 558 that allows a party, who has already filed suit before complying with the pre-suit requirement, to stay the suit until compliance with the statute, while the pre-suit notice requirement of the medical malpractice chapter does not include a stay provision. Id.

Aside from this footnote being dicta, as Busch was decided on the insufficiency of the complaint and not on the issue at hand, the trial court is using the stay provision as a sword against the Homeowners. In the order on appeal, the trial court argues that Homeowners should have availed themselves of the stay provision that would have allowed the Homeowners to file suit for the purpose of commencing an action before the expiration of the statute of repose. Chapter 558 makes clear that the pre-suit notice requirement is a mandatory procedure that must be complied with before filing suit. Homeowners should not be penalized for rightly complying with the mandates of the statute.

Though Homeowners could have taken advantage of the Chapter 558 stay provision, this provision has no bearing on whether an action was commenced before the statute of repose period lapsed. The statute of repose clearly defines an action as a civil suit *or a proceeding.* Thus, on the basis of Florida Supreme Court precedent set forth in *Raymond* and *Parham*, this Court concludes that compliance with the pre-suit notice requirement of Chapter 558 constitutes an "action" for purposes of the statute of repose in the context of the improvement of real property. Chapter 558 was not intended as a stalling device in order to bar claims.

6

## IV.     CONCLUSION

Therefore, because the Homeowners commenced an action by providing the requisite pre-suit notice to Centex within the ten-year statute of repose period, we reverse the Final Judgment entered by the trial court granting summary judgment in favor of Centex and remand for further proceedings consistent with this opinion.

Reversed and remanded.

SUAREZ and SCALES, Associate Judges, concur.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***