PER CURIAM.
In this legal malpractice case, John Dennis Enlow and Lisa Enlow appeal the trial court's order dismissing their amended complaint with prejudice on statute of limitations grounds. Specifically, they argue that the trial court erred by relying on facts establishing the accrual date of the legal malpractice claim that were outside the four corners of the complaint. We agree and reverse.
When reviewing a motion to dismiss, the court is strictly confined to the allegations contained within the four corners of the complaint and its attachments. Busch v. Lennar Homes, LLC, 219 So.3d 93, 94 (Fla. 5th DCA 2017) (citing Morin v. Fla. Power & Light Co., 963 So.2d 258, 260 (Fla. 3d DCA 2007) ). The court must assume that the well-pleaded allegations in the complaint are true, and it must afford the plaintiff the benefit of all reasonable inferences and conclusions that can be drawn from the facts in the complaint. Poole v. City of Port Orange, 33 So.3d 739, 740 (Fla. 5th DCA 2010) ; Lopez-Infante v. Union Cent. Life Ins. Co., 809 So.2d 13 (Fla. 3d DCA 2002) ; Meyers v. City of Jacksonville, 754 So.2d 198, 202 (Fla. 1st DCA 2000) ; Provence v. Palm Beach Taverns, Inc., 676 So.2d 1022 (Fla. 4th DCA 1996). A "motion to dismiss is not a motion for summary judgment," and a trial court may not rely upon depositions, affidavits, or other forms of evidence or speculation as to whether the allegations in the complaint "will ultimately be provable." Solorzano v. First Union Mortg. Corp., 896 So.2d 847, 850 (Fla. 4th DCA 2005) (citing Atkins v. Topp Telecom, Inc., 873 So.2d 397, 399 (Fla. 4th DCA 2004) ); accord Baycon Indus., Inc. v. Shea, 714 So.2d 1094, 1095 (Fla. 2d DCA 1998) (citing Thompson v. Martin, 530 So.2d 495 (Fla. 2d DCA 1988) ). Moreover, the attachment of documents to the motion to dismiss does not allow for their consideration in deciding the motion. Nationstar Mortg., LLC v. Sunderman, 201 So.3d 139, 141 (Fla. 3d DCA 2015).
While the statute of limitations may be raised as an affirmative defense in a motion to dismiss for failure to state a claim, it is successfully raised "only where its violation appears on the face of the complaint or its exhibits." Toledo Park Homes v. Grant, 447 So.2d 343, 344 (Fla. 4th DCA 1984) (citing *1194 Estate of James v. Martin Mem'l Hosp., 422 So.2d 1043, 1045 (Fla. 4th DCA 1982) ). The statute of limitations for legal malpractice is two years "provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence." § 95.11(4)(a), Fla. Stat. (2014). The statute of limitations begins to run when the cause of action accrues. § 95.031, Fla. Stat. (2014). This occurs "when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat. (2014).[1] In this case, the cause of action accrued on the date the Enlow's appeal was dismissed. This date, however, was not included in the complaint or its attachments, nor was it incorporated by reference. See Landmark Funding, Inc. ex rel. Naples Syndications, LLC v. Chaluts, 213 So.3d 1078, 1079-80 (Fla. 2d DCA 2017) ; Neapolitan Enters., LLC v. City of Naples, 185 So.3d 585, 589-90 (Fla. 2d DCA 2016) ; State v. Beach Blvd. Auto. Inc., 139 So.3d 380, 387 (Fla. 1st DCA 2014) ; cf. One Call Prop. Servs. Inc. v. Sec. First Ins. Co., 165 So.3d 749, 752 (Fla. 4th DCA 2015) ("But where the terms of a legal document are impliedly incorporated by reference into the complaint, the trial court may consider the contents of the document in ruling on a motion to dismiss." (citing Veal v. Voyager Prop. & Cas. Ins. Co., 51 So.3d 1246, 1249 (Fla. 2d DCA 2011) )). Instead, it was included in a document attached to the motion to dismiss that was improperly relied upon by the court. See Busch, 219 So.3d at 94 (citing Morin, 963 So.2d at 260 ); Sunderman, 201 So.3d at 141.
Because nothing within the four corners of the complaint conclusively showed that the statute of limitations had run on the Enlows' malpractice claim, it was error to grant the motion to dismiss on those grounds.
REVERSED AND REMANDED.
BERGER, WALLIS and EISNAUGLE, JJ., concur.

The Florida Supreme Court has adopted a bright-line rule that an action for legal malpractice based upon underlying litigation accrues when the final judgment becomes final. See Silvestrone v. Edell, 721 So.2d 1173, 1175-76 (Fla. 1998).