680 So.2d 1130 (1996)
Jorge De ARMAS, Appellant,
v.
Calvin ROSS, et al., Appellees.
No. 95-1922.
District Court of Appeal of Florida, Third District.
October 16, 1996.
Robles & Gonzalez and Ervin A. Gonzalez and Rafael Pozo, Miami, for appellant.
A. Quinn Jones, III, and Leon M. Firtel and Kathryn S. Pecko, Miami, for appellees.
Before NESBITT, COPE and GERSTEN, JJ.
NESBITT, Judge.
Plaintiff-appellant Jorge De Armas appeals a final order dismissing his complaint as to certain individual defendants.[1] We affirm the order under review in its entirety.
Appellant has been employed as a City of Miami police officer since May of 1988. On December 19, 1994 appellant filed an amended complaint against the City and four individual officers alleging a violation of section 112.3187, Florida Statutes (1993), of the Whistle-blower's Act. The individual defendant-officers ("officers") filed a motion to dismiss the amended complaint arguing in part that the Act only contemplated an action against the employer, namely the City, and not the officers. The trial court granted the motion and dismissed the complaint with respect to the officers.
Appellant points to subsections (2) and (3) of section 112.3187, and contends that the plain language of these provisions indicates that the officers were properly named as defendants. Subsections (2) and (3) provide in pertinent part:
(2) LEGISLATIVE INTENT.It is the intent of the Legislature to prevent agencies or independent contractors from taking *1131 retaliatory action against an employee who reports to an appropriate agency violations of law on the part of a public employer or independent contractor that create a substantial and specific danger to the public's health, safety, or welfare.
. . . . .
(3) DEFINITIONS.As used in this act, unless otherwise specified, the following words or terms shall have the meanings indicated:
(a) "Agency" means any state, regional, county, local, or municipal government entity, whether executive, judicial, or legislative; any official, officer, department, division, bureau, commission, authority, or political subdivision therein;....
(emphasis added). Appellant asserts that the highlighted language expresses the Legislature's clear intent to "subject individual officers and officials to liability for retaliatory action." We disagree.
While legislative intent is our primary concern in interpreting the statute, Prudential Ins. Co. of Am., Inc. v. Baitinger, 452 So.2d 140 (Fla. 3d DCA 1984), "it is a cardinal rule of statutory construction that the entire statute under consideration must be considered in determining legislative intent, and effect must be given to every part of the section and every part of the statute as a whole. From a view of the whole law in pari materia, the Court will determine legislative intent." State v. Gale Distribs., Inc., 349 So.2d 150, 153 (Fla.1977).
We apply the foregoing principle to the instant case to answer what are in reality two questions. First, whether the officers are proper defendants in their individual capacities. Second, whether the officers are proper defendants in their official capacities.
We are convinced from a reading of section 112.3187, that the Legislature did not intend to subject officials or officers of an agency to suit in their individual capacities for alleged violations of the Act. Specifically, subsection (9) makes it clear that the relief afforded under the Act is against the entity that the official represents or of which he or she is the head.[2]Cf. Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir.1991)(holding individual capacity suits under Title VII inappropriate as relief granted "is against the employer, not individual employees whose actions would constitute a violation of the Act"); Gardiner v. Dotson, No. CV94-H-1894-NE, 1994 WL 520885 (N.D.Ala. Sept.19, 1994)(same under Americans with Disabilities Act). Thus, we affirm the lower court's dismissal of the amended complaint with respect to the officers in their individual capacities.
Finally, we address whether the officers were properly named as defendants in their official capacities given that the City of Miami itself was also named as a defendant. As noted in the Busby case, supra, brought to our attention by appellees' counsel:
Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government *1132 units can be sued directly (provided, of course, that the public entity receives notice and an opportunity to respond).... To keep both the City and the officers sued in their official capacity as defendants in this case would have been redundant and possibly confusing to the jury.

Busby, 931 F.2d at 776 (emphasis added). We agree and therefore affirm the order insofar as it dismisses the complaint against the officers in their official capacities. The appellant has not demonstrated that the relief he is seeking under the Act could not be fully carried out and satisfied by the City in the event he ultimately prevails.
Affirmed.
NOTES
[1] Per that order these individuals are: Calvin Ross, Raul Martinez, Miguel Esposito, Daniel Dominguez, and Jorge Fernandez. As of the date the amended complaint was filed these individuals were officers of the City of Miami Police Department and ranked, respectively: Chief, Assistant Chief, Major, Lieutenant, and Sergeant.
[2] (9) RELIEF.In any action brought under this section, the relief must include the following:

(a) Reinstatement of the employee to the same position held before the adverse action was commenced, or to an equivalent position or reasonable front pay as alternative relief.
(b) Reinstatement of the employee's full fringe benefits and seniority rights, as appropriate.
(c) Compensation, if appropriate, for lost wages, benefits, or other lost remuneration caused by the adverse action.
(d) Payment of reasonable costs, including attorney's fees, to a substantially prevailing employee, or to the prevailing employer if the employee filed a frivolous action in bad faith.
(e) Issuance of an injunction, if appropriate, by a court of competent jurisdiction.
(f) Temporary reinstatement to the employee's former position or to an equivalent position, pending the final outcome on the complaint, if an employee complains of being discharged in retaliation for a protected disclosure and if a court of competent jurisdiction or the Public Counsel, as applicable under Sec. 112.31895, determines that the disclosure was not made in bad faith or for a wrongful purpose or occurred after an agency's initiation of a personnel action against the employee which includes documentation of the employee's violation of a disciplinary standard or performance deficiency. This paragraph does not apply to an employee of a municipality.