701 So.2d 414 (1997)
Douglas E. COSTA, Appellant/Cross-Appellee,
v.
The SCHOOL BOARD OF BROWARD COUNTY, Florida, Steven Pomerantz and Virgil Morgan, Appellees/Cross-Appellants. and,
Damian Huttenhoff, Appellee.
Nos. 96-0728, 96-3065 and 96-3519.
District Court of Appeal of Florida, Fourth District.
November 12, 1997.
Rehearing Denied and Clarification Denied January 7, 1998.
*415 William S. Isenberg of Latona & Isenberg and Douglas E. Costa, Fort Lauderdale, for appellant.
Eugene K. Pettis and Gina E. Caruso of Haliczer, Pettis & White, P.A., Fort Lauderdale, for Appellees/Cross-appellants-School Board of Broward County and Virgil Morgan.
Edward D. Schuster of Kessler, Massey, Catri, Holton & Kessler, Fort Lauderdale, for Appellee/Cross-appellant-Steven Pomerantz.

ON MOTION FOR REHEARING OR CLARIFICATION
KLEIN, Judge.
We withdraw our previously filed opinion and substitute the following.
Appellant, a high school teacher, brought this suit seeking relief from discrimination by retaliation, under both Florida and federal statutes which are known as "whistle-blower" acts. § 112.3187, Fla. Stat. (1993); 42 U.S.C.A. § 2000e-3 (1993). He appeals a final judgment based on a jury verdict which found no discrimination. We reverse because the court erred in not admitting the findings of the investigator employed by the School Board.
In addition to his regular duties as a teacher, appellant had a supplemental job as attendance monitor. It was the termination of that job which was the basis of this suit. Appellant had testified against the principal of his school in an age discrimination case, and he alleged that the principal had terminated his supplemental job in retaliation.
The school board conducted an internal investigation and its investigator found probable cause that the principal had retaliated against appellant. Appellant sought to introduce the deposition testimony of the investigator, as well as his investigator's report, into evidence, and argues that the trial court erred in refusing their admission.
Although there was a dearth of Florida law to guide us on the admissibility of this report when the briefs were filed in this case, the Florida Supreme Court very recently held a similar report to be admissible as an admission under Section 90.803(18)(d), Florida Statutes, which is the ground on which appellant sought its admission in this case. In Lee v. Department of Health and Rehabilitative Services, 698 So.2d 1194 (Fla. 1997), a mentally retarded woman in the custody of HRS had become pregnant, and one of the issues was whether an investigatory report made in the scope of employment of an HRS employee was admissible at the trial of the patient's claim against HRS.
As in Lee, the investigator in the present case was an employee of the defendant agency, and the report was made during the scope of his employment. We therefore conclude, as the court did in Lee, that it is admissible.[1] We further agree with the appellant that the investigator's deposition testimony should also have been admitted for the same reason.
Appellant also argues that the trial court erred in refusing to admit into evidence the transcript of the testimony that appellant gave in the age discrimination case against his principal. He argues, and we agree, that that testimony should have been admitted to establish why the principal would have retaliated against the appellant. We therefore reverse and remand appellant's claim against the school board for a new trial.
Appellee Pomerantz, who was the principal who allegedly retaliated against appellant, cross-appeals the trial court's denial of his motion to dismiss Count VI of the complaint, which alleged a whistle blower claim against him. He argues that section 112.3187, Florida Statutes (1993), does not authorize actions against him individually. *416 He relies on De Armas v. Ross, 680 So.2d 1130 (Fla. 3d DCA 1996), in which plaintiff, a police officer, had brought a whistle blower action against the city and individual police officers. The trial court dismissed the claims against the individuals, and plaintiff appealed. The third district affirmed because the provision of the statute which affords relief, section 112.3189(9), does not authorize relief against anyone other than the agency. The third district cited Busby v. City of Orlando, 931 F.2d 764 (11th Cir.1991), which holds that suits against individual employees are not authorized by the federal whistle blower statute, 42 U.S.C. section 2000e (1993).
We agree with the third district's interpretation of the statute in De Armas which precludes a Florida statutory claim against the principal in this case. Similarly, Busby precludes a federal claim against him. We therefore reverse the trial court's denial of the principal's motion to dismiss the claims against him and remand for a new trial against the School Board only.
GLICKSTEIN and PARIENTE, JJ., concur.
NOTES
[1] In Lee our supreme court characterized the admissions which were admissible under section 90.803(18)(d) as being "admissions against his employer's interest." Id. at 1200. In fact, section 90.803(18) contains no requirement that the admission be "against interest." See also Ehrhardt, Florida Evidence § 803.18 (1996 Edition). Statements against interest are admissible under a different provision, section 90.804(2)(c).