899 So.2d 1167 (2005)
Sandra TRACEY-MEDDOFF, Appellant,
v.
J. ALTMAN HAIR & BEAUTY CENTRE, INC., Jerome Altman and Sharon Altman, Appellees.
No. 4D04-2713.
District Court of Appeal of Florida, Fourth District.
April 13, 2005.
Eric L. Berger of Law Offices of Koppel & Bates, Plantation, for appellant.
Alan G. Geffin and Leonard C. Atkins, IV of Brooks Hermelee Geffin, Miami, for appellees Jerome Altman and Sharon Altman.
GROSS, J.
Sandra Tracey-Meddoff appeals from an order dismissing Jerome and Sharon Altman as individual defendants from her whistleblower complaint against J. Altman Hair & Beauty Centre, Inc. The basis for dismissal was failure to state a cause of action. See Fla. R. Civ. P. 1.140(b)(6). We affirm because the Altmans are not "employers" within the meaning of the private sector whistleblower act, so they are not subject to whistleblower liability.
Tracey-Meddoff sought statutory damages against the Altmans and the Hair & Beauty Centre under Florida's private sector whistleblower act, sections 448.101.105, Florida Statutes (2003). Her amended complaint alleged that the Altmans fired her from a receptionist position at the Hair & Beauty Centre because she contacted the Occupational Safety & Health Administration (OSHA) concerning chemical odors in the store. She pled her relationships with the defendants as follows:
At all times material hereto, Defendant, J. ALTMAN HAIR & BEAUTY CENTRE, INC., was the employer of Plaintiff, SANDRA TRACEY-MEDDOFF, and the Defendants, JEROME ALTMAN and SHARON ALTMAN were the sole owners, directors, officers and shareholders of the same.
Tracey-Meddoff also alleged that the Hair & Beauty Centre employed ten or more persons.
Taking these allegations as true, see Bell v. Indian River Memorial Hospital, 778 So.2d 1030, 1031 (Fla. 4th DCA 2001), we affirm the trial court's dismissal of the Altmans from this action.
Section 448.102 precludes an "employer" from taking "any retaliatory personnel action against an employee" who has engaged *1168 in specified conduct. Section 448.101(3) defines "Employer" as
any private individual, firm, partnership, institution, corporation, or association that employs ten or more persons.
Tracey-Meddoff's complaint alleged that only the corporation, Hair & Beauty Centre, Inc., was her "employer" within the meaning of the statute.
Tracey-Meddoff argues that the Altmans are individually liable under the private sector whistleblower act, relying upon a line of authority holding corporate officers personally liable for tortious acts committed within the scope of their employment. See, e.g., Roth v. Nautical Eng'g Corp., 654 So.2d 978, 979-80 (Fla. 4th DCA 1995) (holding that corporate officer may be held individually liable for fraud in the inducement committed while acting on behalf of corporation). She cites to Orlovsky v. Solid Surf, Inc., 405 So.2d 1363, 1364 (Fla. 4th DCA 1981), where this court wrote that where a director or officer of a corporation "`commits or participates in the commission of a tort, whether or not it is also by or for the corporation, he is liable to third persons injured thereby,'" without regard to "`what liability attaches to the corporation for the tort.'" (Citation omitted).
The Roth/Orlovsky line of cases does not control this case. The Florida common law does not recognize the tort of retaliatory discharge. See Arrow Air, Inc. v. Walsh, 645 So.2d 422, 424 (Fla.1994). The whistleblower act created "a new cause of action." Id. The act imposes statutory liability only on an "employer" as defined in section 448.101(3), which includes a corporation that employs ten or more persons. To extend liability under the act to officers, directors, or shareholders of such a corporation is to rewrite the statute. This court does not have the power to "`construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications.'" Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (emphasis omitted) (citations omitted).
Our reading of the private sector whistleblower act is consistent with our construction of a similar statute, the public sector whistleblower act. In Costa v. School Board of Broward County, 701 So.2d 414, 415-16 (Fla. 4th DCA 1997), we agreed with the third district's interpretation of that statute in De Armas v. Ross, 680 So.2d 1130 (Fla. 3d DCA 1996).
In De Armas, the issue was whether individual liability existed under Florida's public sector whistleblower act, section 112.3187 (1993). As the court explained, the pertinent part of the 1993 text of section 112.3187 was:
(2) LEGISLATIVE INTENT.  It is the intent of the Legislature to prevent agencies or independent contractors from taking retaliatory action against an employee who reports to an appropriate agency violations of law on the part of a public employer or independent contractor that create a substantial and specific danger to the public's health, safety, or welfare.
.....
(3) DEFINITIONS.  As used in this act, unless otherwise specified, the following words or terms shall have the meanings indicated:
(a) "Agency" means any state, regional, county, local, or municipal government entity, whether executive, judicial, or legislative; any official, officer, department, division, bureau, commission, authority, or political subdivision therein; ....
Id. at 1130-31 (quoting § 112.3187(2), (3)) (emphasis in original).
*1169 The De Armas plaintiff argued that the italicized language in subsection (3)(a) subjected an agency's "individual officers and officials to liability for retaliatory action." Id. at 1131.
The third district rejected that argument. To determine legislative intent, the court examined the remedies set forth in the statute. Those remedies included reinstatement to the same position, reinstatement of fringe benefits and seniority rights, compensation for lost wages and benefits, issuance of an injunction, and temporary reinstatement pending final resolution of the complaint. Id. at 1131 n. 2 (quoting § 112.3187(9)).
De Armas held that since such remedies could be provided only by an agency, the legislature did not intend to impose individual liability upon an agency's officers and officials. Id.
Section 448.101(3)'s definition of an "employer" is more precisely and narrowly drawn than the section 112.3187(3)(a) definition of "agency." Thus, the private sector whistleblower act is even less susceptible to an interpretation imposing individual liability upon the corporate officers of an employer than its public sector counterpart. The remedies available under section 448.103(2) are similar to those available under section 112.3187(9), leading to the conclusion that the private sector whistleblower act is directed at the employer, not at the individuals who act on behalf of the employer. A finding of no individual liability in this case is thus consistent with the holding in De Armas.
Affirmed.
WARNER and MAY, JJ., concur.