963 So.2d 258 (2007)
Gary D. MORIN, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, Appellee.
No. 3D06-2224.
District Court of Appeal of Florida, Third District.
July 18, 2007.
*259 David G. Hutchison and Vincent J. Tubiana, for appellant.
Akerman Senterfitt, Tallahassee and James S. Bramnick, Nancy A. Copperthwaite, and Jennifer M. Taylor, Miami, for appellee.
Before GERSTEN, C.J., and SUAREZ and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The plaintiff, Gary D. Morin ("Morin"), appeals an order granting Florida Power & Light's ("FPL") motion to dismiss for failure to state a cause of action under Florida's Private Sector Whistleblower Act ("Whistleblower Act" or "Act"), section 448.101, et seq., Florida Statutes (2005). We affirm.
Morin filed an amended complaint against Day & Zimmerman, DPS, Inc. ("DZNPS") and FPL, seeking damages under the Whistleblower Act. In the amended complaint, Morin alleges that while he and his crew were in the process of unloading a C-container at Turkey Point Nuclear Power Plant ("Turkey Point"), which is considered a "critical lift," an employee and/or agent of DZNPS, Cush Revette ("Revette"), ordered Morin to go with him to perform a different job. Morin explained to Revette that safely moving the C-container requires three men, and that he could not leave until the C-container was stabilized. Otherwise, a highly dangerous situation would exist. Revette, however, informed Morin that if he did not immediately go with him, he would be fired. When Morin refused to leave until the task was performed, he was suspended for three days for insubordination and for refusing his next assignment.
Morin filed a grievance with the Bull Steward of DZNPS and a complaint with an in-house safety concerns program. Morin claimed that he was subjected to a pattern of harassment and intimidation, he was demoted for objecting to Revette's work order, and the harassment and intimidation were designed to force him to quit.
The amended complaint alleges that there is an "independent contractor relationship" between FPL and DZNPS. Additionally, the amended complaint alleges that Turkey Point is owned by FPL; both FPL and DZNPS are "responsible for maintaining safe procedures of operation at Turkey Point;" FPL's Turkey Point Nuclear *260 Plant Rigging Operations Manual indicates that the supervisor/leader must be present during all critical lifts; DZNPS has a policy of providing a safe work environment and encourages employees to report safety concerns without fearing retaliation; and this policy was "promulgated pursuant to a grant of authority from the NRC and pursuant to 10 C.F.R. § 50.5 and 10 C.F.R. § 50.7."
FPL and DZNPS moved to dismiss the amended complaint, and in the alternative, FPL moved for summary judgment, attaching the affidavits of Mark Waronicki, FPL's Manager of Nuclear Testing, and George Downing, DZNPS' Site Manager at Turkey Point. Waronicki averred, in part, that DZNPS provides independent contractor services to FPL; FPL and DZNPS are not interrelated in any manner; and FPL plays no role in DZNPS' personnel practices. Downing averred that DZNPS contracts with FPL to perform maintenance at Turkey Point; FPL is not involved in the hiring or firing decisions of DZNPS craft employees, including Morin; FPL does not pay salaries or benefits to DZNPS craft employees; FPL is not authorized to assign work to DZNPS craft employees; FPL does not have access to personnel files of DZNPS craft employees; and that he made the decision to demote Morin without consulting with FPL.
After conducting a hearing, the trial court granted the motion to dismiss with prejudice as to FPL but denied it as to DZNPS, finding that the amended complaint states a cause of action as to DZNPS, but not as to FPL.[1] Morin contends in this appeal that the trial court erred by granting FPL's motion to dismiss.
In reviewing an order granting a motion to dismiss for failure to state a cause of action, the standard of review is de novo. See BellSouth Telecomms., Inc. v. Meeks, 863 So.2d 287, 289 (Fla.2003); Rivera v. Torfino Enters., Inc., 914 So.2d 1087, 1088 (Fla. 4th DCA 2005); Roos v. Morrison, 913 So.2d 59, 63 (Fla. 1st DCA 2005), review dismissed, 944 So.2d 341 (Fla.2006); Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So.2d 204, 206 (Fla. 3d DCA 2003). When ruling on a motion to dismiss for failure to state a cause of action, the trial court must "treat as true all of the . . . complaint's well-pleaded allegations, including those that incorporate attachments, and to look no further than the . . . complaint and its attachments."[2]City of Gainesville v. Fla. Dep't of Transp., 778 So.2d 519, 522 (Fla. 1st DCA 2001). Moreover, the "reviewing court operates under the same constraints." Id. (quoting Andrews v. Fla. Parole Comm'n, 768 So.2d 1257, 1260 (Fla. 1st DCA 2000) (citations omitted)).
Morin's amended complaint seeks damages for a violation of section 448.102(3), Florida Statutes, of the Whistleblower Act. Section 448.102(3), Florida Statutes (2005), provides:
Prohibition.  An employer may not take any retaliatory personnel action against an employee because the employee has:
(3) Objected to, or refused to participate in, any activity, policy, or practice *261 of the employer which is in violation of a law, rule, or regulation.
Section 448.101(2) of the Whistleblower Act defines "employee" as "a person who performs services for and under the control and direction of an employer for wages or other remuneration. The term does not include an independent contractor." (emphasis added).
Morin asserts that although the amended complaint alleges that there is an "independent contractor relationship" between FPL and DZNPS, FPL, as the owner of Turkey Point, cannot insulate itself from liability for the actions of its independent contractor, DZNPS, and/or its independent contractor's employee, Revette, as the independent contractor has undertaken an ultra-hazardous activity on behalf of the owner and the owner fails to supervise the independent contractor. He, therefore, asks this court to carve out an exception to the Whistleblower Act's exclusion of independent contractors from its definition of "employee," where the independent contractor has undertaken an ultra-hazardous activity on behalf of the owner.
In support of this argument, Morin relies on Florida Power & Light Co. v. Price, 170 So.2d 293 (Fla.1964). In Price, the plaintiff, an employee of an independent contractor hired by FPL to install an electrical distribution system, was injured by another employee of that same independent contractor while installing the electrical distribution system. On certiorari review, the Florida Supreme Court stated:
We hold that liability flowing from operation of the doctrines of dangerous instrumentalities and inherently dangerous work is subject to the exception that where the defendant owner contracts with an independent contractor for the performance of inherently dangerous work and the latter's employee is injured by a dangerous instrumentality owned by the defendant which is negligently applied or operated by another employee of the independent contractor but wholly without any negligence on the part of the defendant owner, the latter will not be held liable. The incidence of the independent contractor and injury to his employee in the course of the performance of the inherently dangerous work absent any negligence on the part of the contracting owner absolves the latter from liability.
Id. at 298.
Price involved a negligence claim where the doctrines of dangerous instrumentality and inherently dangerous work apply, as opposed to a statutory claim under the Whistleblower Act. Morin has candidly conceded that he could not find a case where these doctrines have been applied to a claim under the Whistleblower Act, and asks this court to extend these doctrines to the Act. We decline to do so and note with approval the Fourth District Court of Appeal's holding in Tracey-Meddoff v. J. Altman Hair & Beauty Centre, Inc., 899 So.2d 1167 (Fla. 4th DCA 2005). The Fourth District Court of Appeal held that because the definition of "employer" in section 448.101(3) of the private sector whistleblower act is unambiguous, appellate courts do not have the "power to `construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications.'" Id. at 1168 (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)(emphasis omitted) (citations omitted)).
Affirmed.
NOTES
[1] The action against DZNPS was later removed to federal court based on diversity jurisdiction.
[2] Although FPL moved in the alternative for summary judgment, the transcript of the hearing indicates that the trial court's ruling was based solely on the motion to dismiss. Thus, as our review is limited to whether the trial court erred by granting FPL's motion to dismiss, we do not take into consideration FPL's motion for summary judgment or the affidavits attached thereto.