# Third District Court of Appeal

## State of Florida

Opinion filed January 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2335
Lower Tribunal No. 15-8493
_____

**Barbara Falkinburg,**
Appellant,

vs.

**Village of El Portal, Fullview International Group, LLC, Wealthy Delight, LLC, and Biscayne Park Acquisition Group, LLC,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Coffey Burlington and Jeffrey B. Crockett; Legal Services of Greater Miami, Inc., Evian L. White and Jeffrey M. Hearne; Community Justice Project, Inc. and Charles F. Elsesser, Jr., for apellant.

Greenspoon Marder, Joseph S. Geller and Jason D. Silver (Fort Lauderdale); Howard L. Kuker; Kriss & Feuerstein, Jerold C. Feuerstein and Jennifer Tolston (New York), for appellees.

Before, SALTER, FERNANDEZ and LOGUE, JJ.

FERNANDEZ, J.

Plaintiff Barbara Falkinburg appeals the trial court's order granting the defendants' motions to dismiss. We reverse because the plaintiff's complaint alleged a meritorious cause of action under section 723.083, Florida Statutes (2015), thus the trial court erred in dismissing it.

Falkinburg lives in a 240-lot trailer park in the Village of El Portal in Miami, Florida called "Little Farm Mobile Home Park." Little Farm is located along Biscayne Boulevard, north of 79th Street. The complaint, filed by Falkinburg and two other co-plaintiffs who are also residents of Little Farm,[1] alleges that the Village of El Portal, a municipality of the State of Florida, did not comply with the statutory requisites of section 723.083, Florida Statute (2015), when the Village entered into a Settlement Agreement with the defendants, who were the current and prospective owners of Little Farm. The terms of the Settlement Agreement required that the owners start the process to close the mobile home park within sixty (60) days. The Settlement Agreement, which was attached to Falkinburg's complaint, states that the Village of El Portal had determined that the residential mobile home park is no longer a permitted use of the property under the Village's current Land Development Code and that it would be "advantageous to demolish and remove the mobile homes existing on the site." The Complaint further alleged

---

[1] Of the three plaintiffs that joined in the complaint filed in the trial court, only Falkinburg appealed to this Court.

2

that the Village of El Portal would prefer a mixed use and commercial development to Little Farm.

In addition, the complaint alleged that the Village of El Portal never made any findings, determinations, or investigation on the statutorily required issue of whether "adequate mobile home parks or other suitable facilities exist for the relocation of the mobile home owners." The complaint states that no finding of the existence of comparable alternative housing for the Little Farm residents could be made. It further sought a declaration to invalidate the Settlement Agreement signed by the Village of El Portal, an injunction against the closing of Little Farm, as well as a statutory attorney's fees award under section 723.068, Florida Statutes (2015).

The four named defendants, the Village of El Portal, Fullview International Group, LLC, Wealthy Delight, LLC, and Biscayne Park Acquisition Group, LLC filed motions to dismiss. At the hearing before the trial court on the motions to dismiss, the issue before the court was whether the complaint and its attached Settlement Agreement stated a cause of action under section 723.083. The Village of El Portal conceded that the Settlement Agreement had been approved by its council members and thus constituted "official action." It also conceded that the Village of El Portal had not studied the relocation issue to determine that mobile home parks or other adequate alternative housing existed for the residents of Little Farm.

The trial court dismissed the complaint with prejudice, finding that the signing of the Settlement Agreement did "not constitute official action which would result in the closure" of Little Farm. Falkinburg filed a motion for reconsideration or to amend, which was denied. This expedited appeal followed, as at least 85 evictions of Little Farm tenants have been filed since the Settlement Agreement was entered into and a "notice of park closing/change in land use" has been sent to all residents asking them to vacate Little Farm by February 2016.

We review this case de novo, as it involves a trial court granting a dismissal with prejudice of a complaint. Morin v Florida Power & Light Co., 963 So. 2d 258, 259 (Fla. 3d DCA 2007). In addition, a reviewing court follows the same constraints as a trial court when ruling on a motion to dismiss for failure to state a cause of action, that is, "the trial court must treat as true all of the complaint's well-pled allegations, including those that incorporate attachments, and to look no further than the complaint and its attachments." Id. at 260. We agree with Falkinburg that the trial court erred in dismissing the pending complaint with prejudice.

Section 723.083 states:

No agency of municipal, local, county, or state government shall approve any application for rezoning, or take any other official action, which would result in the removal or relocation of mobile home owners residing in a mobile home park without first determining that adequate mobile home parks or other suitable facilities exist for the relocation of the mobile home owners.

4

Thus, in order to establish a violation of section 723.083, the following elements need to be satisfied: (1) official action by a municipality; (2) which action would result in the removal or relocation of mobile home owners; and (3) which action was taken without a prior determination that adequate facilities exist for relocation of the residents. Falkinburg alleged all three elements in her complaint.

As Falkinburg points out, there is no dispute as to the first and third elements. With regard to the first element, the Village of El Portal admitted that the Settlement Agreement was approved by its council members and, as such, constituted "official action" by the Village of El Portal. As to the third element, the Village further admitted that no prior analysis of the relocation issue had been done, as no relocation study was conducted.

Turning to the second element that Falkinburg must establish to support her claim of a violation of section 723.083, whether the removal or relocation of the mobile home owners would result from the municipality's official action, the Settlement Agreement required the closure of Little Farm and indicated the need for the "demolition" of the mobile homes in the park. The Settlement Agreement specifically requires that the process to close the mobile home park begin within sixty days of the sale, and Wealthy Delights admits on page six of its Answer Brief that the Settlement Agreement provides for the closure of the mobile park. Falkinburg's complaint alleges that the Settlement Agreement required "removal

or relocation" of the mobile home residents of Little Farm. These allegations in Falkinburg's complaint were sufficient as a matter of law to establish the second element required under section 723.083. Accordingly, the complaint should not have been dismissed.

In sum, under section 723.083, the government agency – the Village of El Portal – before taking any action that would lead to the removal or relocation of the mobile home residents, had to determine if there existed adequate mobile home parks or other suitable facilities for Little Farm's mobile home residents before it could take "official action." Because the Village did not comply with the statute, the allegations in Falkinburg's complaint were sufficient to state a cause of action under the applicable statute. Thus, the trial court erred in dismissing Falkinburg's complaint, and the case is reversed and remanded to the trial court for expedited action.[2]

Reversed and remanded with instructions for expedited consideration by the trial court of the plaintiff's complaint for declaratory and injunctive relief.

---

[2] We decline to address the issues regarding whether the other three named defendants, apart from the Village of El Portal, are proper parties, as these are issues for the trial court to address on remand.