[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11102
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-24918-JEM

DIANA BERBER,

Plaintiff - Appellant,

versus

WELLS FARGO BANK, N.A.,
MARSHA PAINTER,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 8, 2019)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Diana Berber appeals the district court's order denying her application for a

preliminary injunction, which asked the district court to compel her former

employer, Wells Fargo Bank, to reinstate her as an employee.  On appeal, Berber argues that: (1) the district court abused its discretion in denying her request for injunctive relief; and (2) this Court should conduct an "independent examination" of the district court's finding that diversity jurisdiction existed in the case, conferring subject matter jurisdiction on the federal courts.  After careful review, we affirm.

The relevant facts are these.  Diana Berber was employed by Wells Fargo as a Personal Banker in Fort Lauderdale, Florida from July 2013 to March 18, 2014, when she was fired.  In her termination letter, Wells Fargo claimed that Berber had not met performance expectations for her position, and had not performed what were termed "daily activities to attain sales goals."

Two years later, Berber filed an action against Wells Fargo for an alleged violation of the Florida Private Whistleblower Act (FPWA), Fla. Stat. §§ 448.101-105, in Florida state court.  Her claim was based on the high-profile investigation and settlement regarding Wells Fargo's illicit sales practices, which culminated in the Wells Fargo CEO appearing before the United States Senate Committee on Banking.  Berber claimed that she was fired for refusing to participate in the illicit sales practices, which included, among other things, opening accounts and applying for credit cards without customer action or consent.  One provision of the FPWA prevents employers from taking "retaliatory personnel actions" against employees if they "[o]bjected to, or refused to participate in, any activity, policy, or practice of

2

the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102(3).

Wells Fargo removed the lawsuit to federal court, asserting diversity jurisdiction under 28 U.S.C § 1332. Berber moved to remand the case, but the district court ruled that remand was not warranted because diversity jurisdiction existed, adopting the Report and Recommendation of the magistrate judge. This determination was based on the trial court's finding that Berber's manager at Wells Fargo, Marsha Painter, was fraudulently joined as a defendant because managers do not count as employers under the FPWA, and therefore the case remained in federal court. Berber then moved the district court for preliminary injunctive relief reinstating her as an employee at Wells Fargo. The district court denied the application, adopted the Report and Recommendation of the magistrate judge, and concluded that Berber could not establish irreparable harm, and therefore was not entitled to an injunction. Berber now appeals that ruling as an interlocutory matter, and also asks this Court to make an independent assessment as to diversity jurisdiction.

"We review the district court's denial of a preliminary injunction for abuse of discretion. Findings of fact are reviewed for clear error and legal conclusions are reviewed de novo." GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers, 788 F.3d 1318, 1322 (citing Scott v. Roberts, 612 F.3d 1279, 1289 (11th Cir. 2010)). We

review de novo a district court's determination that it had subject matter jurisdiction. E.g., United States v. Perez, 956 F.2d 1098, 1101 (11th Cir. 1992). Even though we are reviewing this case on an interlocutory basis, we remain obligated to ensure that the district court had subject matter jurisdiction. Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla., 177 F.3d 1212, 1221 (11th Cir. 1999) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)).

For starters, we are unpersuaded by Berber's claim that the district court abused its discretion by denying her motion for preliminary injunctive relief. In order to obtain a preliminary injunction, Berber needed to show: (1) a substantial likelihood of success on the merits of her case; (2) that she would suffer irreparable injury without the issuance of the injunction; (3) that her potential injury is greater than the possible harm the injunction would cause Wells Fargo; and (4) that the injunction would disserve the public interest. Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). A court need not examine all of four prongs, because if, as here, no showing of irreparable injury is made, the injunction cannot be issued. Ne. Fla. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990).

The record reveals that the district court denied the application for preliminary injunctive relief because Berber had not satisfied the irreparable harm prong. We

4

can find no abuse of discretion in that decision.  For starters, the district court did not err in concluding that Berber's alleged harms were not irreparable, and instead, could be compensated by monetary damages.  "An injury is 'irreparable' only if it cannot be undone through monetary remedies." Id. at 1286.  Berber's main claims for harm are that her firing "(1) rendered her unemployable in the financial services sector of the economy, (2) pushed her into poverty and (3) exacerbated her depression."  Damages for harms like lost wages are expressly provided for under the FPWA, Fla. Stat. § 448.103(d), and courts have interpreted the Act to allow for mental or emotional distress claims for plaintiffs who succeed on the merits of their cases. See, e.g., Paxton v. Roadhouse of Tarpon Springs, Inc., 2009 WL 2423258, at *1 (M.D. Fla. Aug. 4, 2009); McIntyre v. Dehaize America, Inc., 2009 WL 161708 (M.D. Fla. 2009); Wood v. Cellco P'ship, 2007 WL 917300 (M.D. Fla. 2007); see also Fla. Stat. § 448.103(2)(e).  Because the type of damages Berber asserts are wholly compensable with a monetary remedy, she has not shown that the damages are irreparable or that she would be entitled to equitable relief.

Moreover, Berber's delay in seeking injunctive relief also suggests that the harm was not truly irreparable. See Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1248 (11th Cir. 2016) ("A delay in seeking a preliminary injunction of even only a few months -- though not necessarily fatal -- militates against a finding of irreparable harm.").  "Indeed, the very idea of a preliminary injunction is premised

on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits.  For this reason, our sister circuits and district courts within this Circuit and elsewhere have found that a party's failure to act with speed or urgency in moving for a preliminary injunction necessarily undermines a finding of irreparable harm." Id. (citations omitted).  Here, Berber waited almost three years before seeking injunctive relief.[1]  This strongly supports the district court's finding that immediate, equitable action to protect Berber's rights was unnecessary.

As for Berber's general argument that Wells Fargo's representations to the Senate Banking Committee were a "recognition that its terminations of personal bankers for failures to meet sales caused [them] . . . to suffer irreparable harm," we are unpersuaded.  Wells Fargo's statements that the company would re-hire individuals, upon their application, merely shows that they were willing to correct their past mistake.  It says nothing about the alleged harms that were inflicted on those fired, let alone anything about the harms visited upon Berber, nor that any of these harms were "irreparable."  In short, the district court did not abuse its discretion in denying Berber injunctive relief.  Ne. Fla. Chapter, 896 F.2d at 1285.

---

[1] Berber claims that the delay should not be held against her since she only learned about Wells Fargo's illicit practices in 2016.  But this further illustrates why Berber's harm was not irreparable. Her alleged harms would exist regardless of the underlying factors of her termination.  If the harm was present when Berber learned of the illicit practices, it was present the day she was fired.

We also find no merit in Berber's claim that the district court lacked subject matter jurisdiction over the case.  One way subject matter jurisdiction is established in federal courts is through diversity jurisdiction.  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997); 28 U.S.C. § 1332 (2012).  Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of the parties. 28 U.S.C. § 1332.  The record before us reflects that Berber initially filed her case in state court, but the defendants removed the case to federal court on the basis of diversity jurisdiction.  Berber's initial complaint contained FPWA claims against Wells Fargo and Marsha Painter, Berber's supervisor.  Berber and Wells Fargo are diverse, but Berber and Painter are both Florida residents, which would defeat diversity jurisdiction in the case.

However, diversity jurisdiction can be restored if there was fraudulent joinder. Under this rule, complete diversity can be re-established by dismissing non-diverse parties like Painter if the removing party can show that the non-diverse party was fraudulently joined.  See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).  "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court."  Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997).

7

Here, the district court determined that the defendants had met their burden to prove that Painter was a fraudulently joined defendant because there was "no possibility" that Berber could establish a cause of action against Painter. This is because, it held, Painter could not qualify as an "employer" under the FPWA. Because she had been fraudulently joined, the district court concluded that it had diversity jurisdiction, and denied Berber's motion for remand.

We cannot say that the district court erred in holding that Marsha Painter could not be Berber's employer under the FPWA and had been fraudulently joined. "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). At the time of removal, the only complaint in federal court was Berber's first state complaint, which only alleged violations of the FPWA against Wells Fargo and Painter.[2] At the same time, Painter had filed an unimpeached affidavit stating that Berber was not her employee, and Wells Fargo filed an unchallenged affidavit stating that Berber was employed and paid by Wells Fargo, not Painter.

---

[2] Berber has since filed multiple amended complaints that have added additional counts against Painter. These do not matter for the purposes of the fraudulent joinder analysis, which only examines the pleadings at the time of removal. Pacheco de Perez, 139 F.3d at 1380.

8

Under the FPWA, employers are defined as "any private individual, firm, partnership, institution, corporation, or association that employs ten or more persons." Fla. Stat. § 448.101(3). Federal and Florida courts have found that liability under the FPWA is limited to employers, not supervisors "act[ing] on behalf of the employer." E.g., Silverman v. Wells Fargo, Ins. Servs. USA, Inc., 20 F. Supp. 3d 1357, 1361 (S.D. Fla. 2014) (FPWA plaintiff's supervisor at Wells Fargo cannot be held individually liable); Tracey-Meddoff v. J. Altman Hair & Beauty Centre, Inc., 899 So. 2d 1167, 1169 (Fla. Dist. Ct. App. 2005) (finding that the FPWA did not authorize individual liability for officers of a defendant corporation). On this record, we agree that Painter was not Berber's employer. See Silverman, 20 F. Supp. 3d at 1361; Tracey-Meddoff, 899 So. 2d at 1169.

As for the two cases Painter cites, they are unhelpful. In Stillwell v. Allstate Ins. Co., 663 F.3d 1329 (11th Cir. 2011), a panel of this Court concluded there was no fraudulent joinder because it was possible under Georgia law that the plaintiff could still have a legal claim against a defendant. Id. at 1334–35. In sharp contrast, there is no possibility that Berber, based on her pleadings at the time of removal, could assert a claim against Painter under the FPWA. Berber also cites Diaz v. Imperial of Doral, Inc., 7 So. 3d 591 (Fla. 3d Dist. Ct. App. 2009), for the proposition that "the existence of multiple employers of an employee presented a jury question." However, that case involved a competing factual record at trial, where two different

9

corporate entities could have been the plaintiff's employer.  Id. at 592–93.  This case is clearly distinguishable -- as we've explained, the unimpeached evidence at the time of removal indicated that Wells Fargo was Berber's employer, not Painter. Thus, the district court correctly held that Painter had been fraudulently joined and that it had subject matter jurisdiction.

**AFFIRMED.**